# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN BRUNNER, | ) |
| Plaintiff, | ) Civil Action No. 18-1585 |
| | ) Magistrate Judge Maureen P. Kelly |
| v. | ) |
| | ) Re: ECF No. 6 |
| CYNTHIA JONES JACOBS, DAN FLOOD JACOBS, CHARLES RIVES JACOBS, and JASON LISZEWSKI JACOBS, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

**KELLY, Magistrate Judge**

Plaintiff Stephen Brunner ("Plaintiff") initiated this action *pro se* against Defendants Cynthia Jones Jacobs, Dan Flood Jacobs, Charles Rives Jacobs, and Jason Liszewski Jacobs (collectively, "Defendants"), alleging a claim for wrongful termination under Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA").

Presently before the Court is a Motion to Dismiss Individual Defendants and to Substitute Party, filed on behalf of Defendants, ECF No. 6. For the reasons that follow, the Motion to Dismiss and to Substitute Party will be granted and, in the interest of justice, Jacobs Field Services North America, Inc. ("Jacobs Field Services") will be substituted as the sole defendant in this matter.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2017, Plaintiff filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and the Equal Employment Opportunity Commission ("EEOC"), against Jacobs Field Services alleging that he was discriminated against because of

his age.[1]  ECF No. 7-1 at 2-3.  In particular, Plaintiff alleges that on or about May 5, 2017, he was terminated from employment from Jacobs Field Services as an "HSE Supervisor."  Plaintiff states he was told his termination was due to "the completion of [his] current assignment and lack of other project opportunities." Id.  At the time of his termination, Plaintiff was 56 years old.  Plaintiff alleges that approximately one month later, Jacobs Field Services hired an HSE Intern in his early twenties at his former location and hired an HSE Supervisor, also in his twenties, at a facility in North Carolina.  Plaintiff alleges he was not offered either position, and that he would have been willing to relocate to North Carolina or accept the Intern position so as to continue employment at Jacobs Field Services. Id.

The EEOC served Jacobs Field Services with the Notice of Charge of Discrimination on January 10, 2018, ECF 7-1 at 1; and a right to sue letter was issued to Plaintiff on August 30, 2018.  Plaintiff thereafter commenced the instant action on November 26, 2018, with the filing of an Employment Discrimination Complaint (the "Complaint"), naming only Cynthia Jones, Dan Flood, Charles Rivers, and Jason Liszewski as Defendants, and seeking compensatory relief under the ADEA.  ECF No. 1.

Defendants have responded to the Complaint with the pending Motion to Dismiss based upon the absence of individual liability and, "in the interest of efficiency and judicial economy," have requested that Jacobs Field Services be substituted as the named Defendant.  ECF Nos. 6, 7

---

[1] Defendants have provided a copy of Plaintiff's EEOC charge to the Court. ECF No. 7-1. The charge may be considered by the Court in resolving the pending Motion to Dismiss as it is an indisputably authentic public record upon which Plaintiff's claim is based. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); and see Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000), *aff'd*, 276 F.3d 579 (3d Cir. 2001) ("it is clear to us that under the applicable legal standard we may consider the EEOC charge and related EEOC documents including the letter from the EEOC summarizing its investigation, ... either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion [to dismiss] to one summary judgment").

at 4. Plaintiff filed his response in opposition to the pending motion. ECF No. 12. The Motion to Dismiss is now ripe for consideration.[2]

## II. STANDARD OF REVIEW

**1. Motion to Dismiss**

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). While a complaint does not need detailed factual allegations to survive the motion to dismiss, a complaint must provide more than labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.... Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

In other words, at the motion to dismiss stage, a plaintiff is required to make "a showing' rather than a blanket assertion of an entitlement to relief." Phillips v. County of Allegheny, 515

---

[2] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 2, 11.

F.3d 224, 232 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. at 234, quoting Twombly, 550 U.S. at 556 n. 3.

### 2. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner ... may be inartfully drawn and should … be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility — "pro se litigants still must allege sufficient facts in their complaints to support a claim .... they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a pro se litigant, this Court will consider the facts and make inferences where it is appropriate.

4

### III.     DISCUSSION

Under the ADEA, it is unlawful for an "employer" "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  The ADEA defines an "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year … [or] any agent of such a person…." 29 U.S.C. § 630(b). "Unless an individual qualifies as a plaintiff's 'employer' as defined above, the ADEA does not provide for individual liability."  Acevedo v. Monsignor Donovan High School, 420 F. Supp. 2d 337, 344 (D. N.J. 2006) (citing Holocheck v. Luzerne County Head Start, 385 F. Supp. 2d 491, 496 (M.D. Pa. 2005) (dismissing ADEA claim against manager of business because individuals "cannot be held … liable under the ADEA").

Plaintiff responds to this evident bar to his claim against each of the individual Defendants asserting that each actively participated in the decision-making process that resulted in the alleged discrimination.  ECF No. 12 at 1.  The ADEA, however, does not make this distinction. See Spangler v. Moderne Glass Co., Inc., No. 06-1394, 2007 WL 710266 (W.D. Pa. March 6, 2007). Accordingly, an ADEA claim may not be stated as to individual defendants Jones, Flood, Rives, or Liszewski.

Defendants concede that Plaintiff's claim is properly asserted against Jacobs Field Services, which was identified as Plaintiff's employer is his initial Charge of Discrimination. Defendants consent to the substitution of Jacobs Field Services. ECF No. 7 at 4-5.  Under these circumstances, Plaintiff will not suffer a loss of his claim as a result of the dismissal of the individual Defendants. Accordingly, the Motion to Dismiss Defendants Cynthia Jones, Dan

Flood, Charles Rives, and Jason Liszewski will be granted, and the Motion to Substitute Jacobs Field Services North America also will be granted.

An appropriate Order follows.

**ORDER**

AND NOW, this ___ day of April, 2019, upon consideration of the Motion to Dismiss Individual Defendants and to Substitute Party, ECF No. 6, filed on behalf of Defendants Cynthia Jones, Dan Flood, Charles Rives, and Jason Liszewski, and the briefs filed in support and in opposition thereto, ECF Nos. 7 and 12, and for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED as follows:

(1) The Motion to Dismiss Individual Defendants is GRANTED as to Defendants Cynthia Jones, Dan Flood, Charles Rives, and Jason Liszewski, and each is dismissed as a party to this action;

(2) The Motion to Substitute Party is GRANTED and the Clerk is HEREBY ORDERED to add Jacob Field Services North America, Inc., as a Defendant on the docket of this action;

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Stephen Brunner
818 11th St.
Ambridge, PA 15003